## (September 19, 1963)

■ ROBERT AMES v. ALFRED KNOBLER.— Motion for leave to appeal to the Court of Appeals granted solely on the question as to the sufficiency of the counterclaim. Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Eager and Bastow, JJ.

■ CARL R. BLOMGREN v. TINTON 763 CORP. et al.— Motion granted and the County Clerk of Bronx County is directed to enter judgment of foreclosure in favor of plaintiff by reason of defendants' default in complying with the terms of the order of this court entered on April 2, 1963. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ. [See 18 A D 2d 979.]

■ In the Matter of JACK ALWEIS et al. v. ROBERT F. WAGNER et al.— Motion granted and the appeal herein is transferred to the Appellate Division, Third Judicial Department. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ In the Matter of GALLANT JOE'S REST. INC. v. NEW YORK STATE LIQUOR AUTHORITY.— Motion to dismiss proceeding granted, with $10 costs. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

## (September 24, 1963)

■ In the Matter of the Person and Property of WILLIAM SILVERMAN, an Alleged Incompetent Person.— Motion for leave to dispense with printing denied, with leave to renew upon a showing of financial status in accordance with section 1101 of the Civil Practice Law and Rules. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ JULIA KOI v. P. S. & M. CATERING CORP. et al.— Motion granted so as to permit appellant to perfect her appeal in accordance with the provisions of article 55 of the Civil Practice Law and Rules. The order of this court entered on July 5, 1963 is modified accordingly. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ In the Matter of EL CARIBE RESTAURANT, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of the New York State Liquor Authority unanimously modified, on the law and on the facts, to the extent of dismissing Charge 1 as duplicative and reducing the punishment which we find excessive to a suspension of 15 days (CPLR, § 7803, subd. 3; § 7806; Matter of Mitthauer v. Patterson, 8 N Y 2d 37, 42) and, as so modified, confirmed, without costs. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.